David Shymatta, Plaintiff *Pro Se*
210 Hwy. 30 E Box 38
Inkom ID, 83245
Phone No. (208)-406-6330
Fax No. (208)-775-4779

U.S. COURTS

JAN 1 0 2011

Rcvd_____ Filed_____ Time 4:01 p
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SHYMATTA<br>DBA CELL JUNKIE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PAPILLON,<br>DBA THE CELL PHONE JUNKIE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: <u>10-565-E-MHW</u>

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

TO INFORM ALL PARTIES AND THEIR ATTORNEYS:

Plaintiff David Shymatta's Response to the Motion to Dismiss filed on December 21, 2010. Plaintiff will and hereby does move for an order denying defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(2) which lacks grounds. Plaintiff's affidavit and exhibits supporting this opposition are attached herewith. Plaintiff will show the court that defendant's motion to dismiss based on jurisdiction is unsubstantiated, and that grounds for jurisdiction in this venue are established as follows.

# I.

## STATEMENT OF FACTS

Here Plaintiff has provided the Defendant with adequate notice of what it is that the Defendant did wrong. Defendant filed a motion with this court to dismiss based on the grounds that this Court lacks personal jurisdiction over defendant. Plaintiff David Shymatta is the owner of the registered trademark that is the subject of this action. The infringement alleged against defendant in the complaint was "not denied" by defendant. Defendant did not deny its use of Plaintiff's federally registered trademark.

To support their motion to dismiss, defendant has neglected or misconstrued the relevant facts and statements embracing personal jurisdiction on the face of the complaint and the supporting evidences attached to it. Copyright infringement is a federal question and the complaint stated more than one cause of action arising out of defendants infringement.

# II.

## ARGUMENTS AND AUTHORITIES

### A. Defendants Business Transactions, Minimum Contacts and Activities In This State

Pleadings are to be construed liberally, in favor of the pleader. In challenging the sufficiency of the complaint, all of its material allegations are taken as true. (*Jenkins V. Mckeithen* (1969) 395 US 411, 421, FCRP RULE 8.) Pleadings of pros se litigants are held to even less rigid standards than those drafted by attorneys. (*Zichko v. Idaho* (9th Cir. 2001) 247 F. 3d 1015, 1020.)

In *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) ..."material which is properly submitted as part of the complaint may be

considered" on a motion to dismiss. Similarly, The Court may also look to materials outside of the pleadings to satisfy itself that it has subject matter jurisdiction without converting the motion into a motion for summary judgment. See *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 161 (D.D.C. 2003). [3] Similarly, "However, in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999).

In *International Shoe Co v. Washington* the United States Supreme Court held that an exercise of personal jurisdiction over a party can be premised on minimum contacts with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)

Plaintiff states that specific personal jurisdiction is proper in that Mr. Papillon's activities demonstrate that he deliberately established minimum contacts with this State of Idaho. He also purposefully availed himself of the privilege of conducting activities here in such a way as to reasonably anticipate being haled into court in this State.

A three-pronged test has emerged for determining whether the exercise of specific personal jurisdiction over a non-resident defendant is appropriate: (1) the defendant must have sufficient "minimum contacts" with the forum state, (2) the claim asserted against the defendant must arise out of those contacts, and (3) the exercise of jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985)

"When the court rules on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction....Plaintiff need only to make a prima facie showing of personal jurisdiction to

defeat the motion. A Plaintiff may make the *prima facie* showing by demonstrating by affidavit or other written materials, facts, that, if true, would support the exercise of personal jurisdiction over the defendant." *Rainy Day Books, Inc. v. Rainy Day Books & Café LLC*, 186 F.Supp.2d 1158, 1160 (Kan. 2002), citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

"The allegations in the complaint must be taken as true to the extent they are uncontroversial by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in Plaintiff's favor, and the Plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party. *Behagen v. Amateur Basketball Ass'n of the United States*. 744 F.2d 731 (10th Cir. 1984).

Plaintiff makes such a *prima facie* showing of personal jurisdiction over defendant, thus defendants motion to dismiss should be denied. Defendant did not dispute its use of the mark in collaboration with the internet retail companies, and websites specified in the complaint. Plaintiff provided the court numerous documents showing the defendant's widespread use of plaintiffs mark in commerce. Defendants use includes blatant collaborations with several internet stores or retail companies in the cell phone industry, direct links and threads, as well as defendants direct advertising, retailing and promoting of cell phones and accessories.

Defendant's motion page 2 asserts that Defendant "has become a small but respected voice on the internet". Page 3 asserts "Neither Papillon nor the TCPJ Website are vendors, distributors, sellers nor manufacturers of any tangible product".., "It is a very small operation"... "The TCPJ website is viewed only by a modest amount of cell phone

enthusiasts." Defendants motion to dismiss at page 14-15 speaking of defendants website "TCPJ website is a hobby not a highly lucrative business. The TCPJ website generates modest sums"..

It is apparent that defendants motion is essentially based on a argument that suggests that the Defendant The Cell Phone Junkie [has become small], then [very small], and has not sold products in this State or at all, and therefore personal jurisdiction is not proper. The evidence in contrast shows the contrary, and therefore the defendants motion is contradicted by the evidence. In addition, the defendant's motion relies on a premise that turns a blind eye to the defendant's infringement, [widespread use of the mark], advertisements and collaborations aimed at this State inter alia.

With respect to the internet as it relates to trademark infringement, in determining whether or not personal jurisdiction is proper over a non-resident, the courts have looked to a variety of factors, including but not limited to the level of interactivity of the Web site; whether the tortious act was committed in state or out-of-state with impact in the state; the number of hits on the Web site; or the foreseeability of use by forum residents. See, e.g., Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997); Zippo Mfg. Co. v. Zippo Dot Com, 952 F. Supp. 1119 (W.D. Pa. 1997); Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F. Supp. 81 (S.D.N.Y. 1995).

Exhibit G page 1 attached to the complaint shows the Cell Phone Junkie advertising a cell phone case with the web stats visible posted on February 2010, not 20 or 30 hits but [one hundred and twenty four thousand three hundred and sixty six] hits. Here again the website page provided a link or site for purchase.

The Cell Phone Junkie admits to making revenue and pursues subscriptions for it's services as the evidence shows. Notwithstanding, not only does the defendant link to several other relevant websites, but the defendant interacts with those relevant online stores or websites that "do" sell cell phone related products, [and] the defendant uses plaintiff's registered mark [on those relevant websites]. The defendant's assertion that it is not involved in retailing or selling product is controverted. Essentially it boils down to welcome to the Cell Phone Junkie click on this link to purchase.

A relevant example of this is Exhibit H attached to the complaint where The Cell Phone Junkie collaborates with the CrackBerry website using plaintiffs trademark. The CrackBerry is a website or online store that retails cell phones and accessories among other things. According to the CrackBerry it has "2.7 million" plus members. Also relevant to jurisdiction is Exhibit 1 page 2 attached hereto. In this example the CrackBerry user states, "i should start by saying i'm from twin falls [Idaho]....". Page 3 indicates a section for Users in [Idaho]. The complaint also demonstrated that the Cell Phone Junkie's affiliation with CrackBerry was damaging to Plaintiff's company and reputation because the CrackBerry encourages illegal activities. The Defendant did not dispute this.

Defendant actively advertises services within and or directed to Idahoans via its website. A Google search engine result shows an advertisement from thecellphonejunkie.com website for services directed to "Idaho" and asking to "Support The Cell Phone Junkie by signing up for a Square Trade ..." [Ex. 2]

The defendants marketing collaborations, aggressive and well organized marketing strategy are criteria for the court supporting personal jurisdiction. Several of these cell phone

companies or forums that defendant networks or collaborates with are on the internet, and are therefore competitors to Plaintiff on the internet marketplace. Defendant Papillon, is as an active conscious force' behind the infringement. The evidence defendant has submitted to support their Rule 12(b)(2) motion are merely the accompanying affidavit's, that in essence buttress this opposition.

Defendant's argument that it's website or use of the mark is "very small", and that "The TCPJ website generates modest sums and only generated $3,000.00 in the last year. In short, the cost of having to travel to Idaho to defend against a suit for a tiny business endeavor which is actually more like a hobby is too burdensome upon Papillion to be fair and just." This argument does not hold weight, when at the same time the defendant went out of its way to file a frivolous trademark cancellation proceeding against plaintiff in this State and against plaintiff's registered mark for a hobby? A hobby plaintiff was billed several thousand dollars for and counting. Defendant has utilized a well organized marketing technology involving widespread use of plaintiff's trademark in the internet marketplace. Plaintiff's business has been financially burdened as a result of defendants actions and alleged widespread hobby. Defendant did not dispute the fact that plaintiff sent a letter well before that improper filing against plaintiff, and well before this lawsuit seeking a resolution requesting Mr. Papillon's cooperation. It is apparent that the defendant did not and does not show any intent of cooperating.

The affidavit of defendants counsel in support of it's motion to dismiss buttresses plaintiff's opposition and is tantamount in that it shows (a); how the defendant offers and uses free services to attract people to it's website or business using plaintiff's registered

mark, "I was able, without paying any fee, having a subscription, becoming a member, or giving any personal information to listen to an audio recording of a pod cast called "The Cell Phone Junkie Show #238." (b); it shows how defendant has designed its website with easy user access to it's services and (c); how a user that could be from any state does not have to provide its personal information, thus it shows it is likely defendant would not know who or from which state in the United States or abroad a person using it's services could be from.

Defendant Papillon's affidavit contradicts defendants own statement in it's motion to dismiss that "The TCPJ [website] generates modest sums and only generated $3,000.00 in the last year." Defendant Papillon attributes the $3000.00 dollar figure only to an amount paid by pod cast subscribers, "This past year, the total amount paid by pod cast subscribers was only approximately $3,000." While this is substantial it does not address such factors as donations, sponsors, defendants collaborations over the years using Plaintiffs registered mark.

In light of the evidence, plaintiffs actions are fair and it is unreasonable that the defendant would have us to believe that they are somehow not involved in the marketing retail promotion and advertisement of cell phones and accessories using plaintiff's registered mark. Defendant admits in their motion to dismiss that the marks are similar. The fact of the matter is that the mark is identical or near identical as it includes plaintiff's federally registered Cell Junkie in its entirety.

Exhibit G attached to the complaint pages 5-7 shows that defendant again links to another online store and blog website Howard Forums, and provides a thread to reply back to the defendants website using plaintiff's trademark. Exhibit 3 attached hereto Howard Forums claims to have "over 1,000,000 members and growing!"… and "over 8 million posts".

Exhibit 4 attached hereto shows that defendant uses his personal website to sell product and uses plaintiff's registered mark directly on his website page where the product is sold. The complaint in addition addressed other links that the Defendant's website linked to such as engadget. The span and reach of defendants use of Plaintiffs mark on the internet is a far cry from small.

**B. Defendant 's Commercial Website and Business Operations**

In *Zippo Mfr. Co. v. Zippo Dot Com*, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) The Court notes that "The designation" .com" identifies the user as a commercial entity."

In *Hanson v. Denckla*, the Supreme Court noted that "[a]s technological progress has increased the flow of commerce between States, the need for jurisdiction has undergone a similar increase." *Hanson v. Denckla*, 357 U.S. 235, 250-51 (1958). Twenty seven years later, the Court observed that jurisdiction could not be avoided "merely because the defendant did not physically enter the forum state." *Burger King Corp. v. Rudzewicz* 471 U.S. at 476 (1985).

The Court observed that: [I]t is an inescapable fact of modern commercial life that a substantial amount of commercial business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)

In *Zippo Mfr. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) a Pennsylvania Plaintiff sued a California defendant for trademark infringement and dilution. The Plaintiff was a manufacturer among other things and the defendant was the operator of a website. The defendants contacts with Pennsylvania occurred almost exclusively over the

internet. After analyzing the available case law at that time, the court concluded .."that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet."

Thus, in deciding that personal jurisdiction was proper the court developed a sliding scale. The *Zippo* analysis has three distinct levels of websites. The court defined "Passive Websites" as websites that do little more than simply make information accessible or available to internet users and involve no interactivity. A passive website alone never gives the court sufficient grounds to exercise jurisdiction.

In the middle of the scale are "Interactive Websites" that have some degree of interactivity and allow its users to exchange information with the host computer, "Whether the exercise of jurisdiction is appropriate depends upon 'level of interactivity and commercial nature of the exchange of information that occurs on the Web site'." *Rainy Day at 1163*, Soma at 1196, quoting *Zippo* at 1123.

At the top end of the scale are "Commercial Websites" which engage in commercial transactions over the internet. In these cases, the courts state jurisdiction is almost always proper. *Cybersell, Inc. v. Cybersell Inc* , 130 F3d 414, 415 (9th Cir 1997).

> "Thus, at one end of this sliding scale, the defendant conducts business transactions over the Internet with residents of the forum and jurisdiction Is almost always proper in this situation."

This sliding scale has been adopted by the courts and is widely and consistently used today. defendant 's website is a robust commercial website. In *Zippo*, the Court denied defendant's motion to dismiss and concluded that it "may appropriately exercise personal jurisdiction over the Defendant and that venue is proper in this judicial district." Defendant's

website is both interactive and commercial, in fact it is extensive and robust, thus personal jurisdiction is proper in this State.

## C.  Defendant's Infringement, Network, Business Activities and Services In This State

Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper. *Burger King*, 471 U.S. at 475. ["Different results should not be reached simply because business is conducted over the Internet".]

Defendant's motion admits providing services,  entertainment videos or pod cast to this State as well. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. E.g. *Compuserve, Inc. v. Patterson*, 89 F.2d 1257 (6th Cir. 1996).

Defendant in his motion to dismiss [incorrectly accuses] plaintiff of a "purposefully perpetrated falsehood" as it relates to plaintiff pleading jurisdiction. Nowhere in the complaint does it state that "Papillon has sued Plaintiff Shymatta in Idaho"… The complaint however did properly plead that personal jurisdiction is warranted at this court, and for more than one reason. With respect to a tortious act within this state the complaint citied Idaho's long arm statute. Trademark infringement is an intentional tort. Operation of a website containing allegedly trademarked material is sufficient to constitute the commission of an intentional act.

Pursuant to Idaho's Long-Arm Statute Idaho Code § 5-514;

"Any person, firm, company, association or corporation, whether or not a

citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal      representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a)   The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;
(b)  The commission of a tortious act within this state;…
(d)  Contracting to insure any person, property or risk located within this state at the time of contracting;.."

The complaint pleaded that personal jurisdiction was proper in this State for another reason, and that reason being a "frivolous" trademark cancellation proceeding that the defendant filed against Plaintiff, and as a result of defendants unfair and improper conduct plaintiff experienced damages of the same in this State. The defendant did not deny filing the proceeding against plaintiff, and did not deny that the proceeding was frivolous. The defendant in initiating the frivolous proceeding against plaintiff in this State also initiated the corresponding relevant communications.

## D. The Facts Sufficiently Establish That Personal Jurisdiction Is Proper In This State

The above activities of defendant as described gives this Court personal and subject matter jurisdiction, and interest in adjudicating this case.

Defendant has engaged in significant amounts of activities that constitutes in the least minimum contacts in this State. The claims are directly related to the purpose of the contacts. Defendant's actions meet not just one but numerous conditions that establish minimum contacts.

## III.

## CONCLUSION

For all the reasons as set forth above, unto the Honorable Judge, plaintiff respectfully asks to satisfy the Court to move for an order denying defendant's motion to dismiss.

DATED this  10th day of January, 2011.

_____
David Shymatta
Plaintiff Pro se