UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SHYMATTA, dba CELL JUNKIE;<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL PAPILLON, dba THE CELL PHONE JUNKIE;<br><br>                Defendant. | Case No. 4:10-CV-00565-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 9).

## FACTUAL AND LEGAL BACKGROUND

Plaintiff David Shymatta has owned the registered trademark "Cell Junkie" since December 11, 2007. This trademark is classified for "retail store services featuring cell phone accessories." *Compl.*, Ex. A, Dkt. 1-1 at 3. Defendant Michael Papillon, a resident of Arizona, operates a website called "The Cell Phone Junkie." *Compl.* at ¶ 2.

Mr. Shymatta, dba Cell Junkie, sells cell phone products and accessories. Cell Junkie maintains a website, celljunkie.com, and sells products through various online retailers such as ebay.com. *Id.* at ¶ 8.

Mr. Papillon operates a blog, cellphonejunkie.com, which reviews cell phones, cell phone accessories, and provides podcasts regarding cell phones that may be listened to for free on the website. *Id.* at ¶ 11. Mr. Papillon's website provides users with links to retailers selling the products being reviewed and discussed, but does not directly sell products or provide price comparisons. *Id; Papillon Aff.,* Dkt. 9-2 at ¶ 11. The vast majority of content on Mr. Papillon's website is available for free to any user. *Papillon Aff.,* Dkt. 9-2 at ¶ 8. Mr. Papillon has never personally sold any tangible products through his website. *Id*. at ¶ 10. Mr. Papillon's website offers a "premium" podcast for direct download to electronic devices, such as a personal computer or iPod, for a small fee, the proceeds of which are dedicated entirely to website maintenance. *Id*. at ¶¶ 12-13. In 2009, the proceeds from these premium podcasts totaled $3,000. *Id*. at ¶ 15. Since July 2006, 0.07% of all premium podcast downloads from Mr. Papillon's website have been initiated by users in Idaho. *Id*. at ¶ 18. Mr. Papillon has never purchased any advertising for his website, in Idaho or any other state. *Id*. at ¶ 20.

On February 5, 2010, Mr. Shymatta sent Mr. Papillon a cease and desist letter, demanding cessation of the use of the domain name "thecellphonejunkie.com." *Id.* at ¶ 13. On February 27, Mr. Papillon applied to register the trademark "The Cell Phone Junkie" for the purposes of entertainment services. *Compl.,* Ex. F, Dkt. 1-7 at 2. On March 11, 2010, Mr. Papillon initiated cancellation proceedings regarding Mr. Shymatta's registered "Cell Junkie" trademark with the United States Patent & Trademark Office, alleging abandonment. *Compl.,* Ex. D, Dkt. 1-5 at 1-2.

Mr. Shymatta filed his *pro se* complaint in this matter on November 15, 2010, alleging causes of action for (1) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) false advertising, unfair competition, infringement, false designation of origin, and passing off; (3) direct and contributory common law trademark infringement; (4) direct and contributory common law unfair competition. *Compl.*, Dkt. 1. On December 21, 2010, Mr. Papillon moved to dismiss the complaint for lack of personal jurisdiction. *Mtn. to Dismiss,* Dkt. 9.

## LEGAL STANDARD

In order to establish the existence of personal jurisdiction in a diversity case, the plaintiff must show (1) that a statute of the forum confers personal jurisdiction over the nonresident defendant, and (2) that the exercise of jurisdiction accords with federal constitutional principles of due process. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). The Idaho long-arm statute provides that a person is subject to personal jurisdiction if, among other things, he transacts business or commits a tortious act in Idaho and the alleged cause of action arises from that transaction or act. I.C. § 5-514. The Idaho legislature, in adopting that statute, intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. *Doggett v. Electronics Corp. of Am.*, 93 Idaho 26, 30 (1969). Thus, the state and federal limits are coextensive. *Data Disc, Inc. v. Systems Technology Associates, Inc*., 557 F.2d 1280, 1286 (9th Cir. 1977)

Contacts giving rise to personal jurisdiction in a given forum may be general or

specific. For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)), that "approximate physical presence" in the forum state, *Bancroft & Masters*, 223 F.3d 1082, 1086 (9th Cir. 2000). This is an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum). A commercially interactive website may satisfy general personal jurisdiction under the "sliding scale" test. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417-19 (9th Cir. 1997) (*citing Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)). *Zippo* described the test as follows:

> [T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. . . . At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end . . . a defendant has simply posted information on an Internet Web site which is accessible to [forum resident] users. . . . The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer.

*Zippo*, 952 F.Supp. at 1124 (citations omitted).

To ascertain whether specific personal jurisdiction exists, this Court employs a

three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden on the first two prongs. If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (internal quotation omitted).

The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However,

> [w]hen a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. [ ] That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted) (alteration in original); *see also AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (where trial court rules on jurisdictional issue based on affidavits and discovery

materials without holding evidentiary hearing, plaintiff need only make prima facie showing).

## ANALYSIS

First, Mr. Papillon argues that his blog is insufficient to support a finding of general personal jurisdiction in Idaho. Secondly, Mr. Papillon argues that he satisfies neither of the first two prongs of the specific personal jurisdiction test because he has never directed activities at this forum, and there are thus no forum-related activities form which this matter may arise.

A.  General Personal Jurisdiction

Mr. Papillon's blog is insufficient to meet the exacting standard of general personal jurisdiction. Mr. Papillon has never had any substantial, continuous, or systematic contacts with Idaho. He has never advertised, sold any tangible products to any state, or maintained any relationships with retail vendors. Compare these minimal contacts with those found sufficient by the Ninth Circuit in *Gator.com Corp. v. L.L. Bean, Inc.,* 341 F.3d 1072 (9th Cir. 2003). In that case, L.L. Bean, a Maine corporation, targeted advertising at California, maintained a highly interactive, commercially lucrative website serving large numbers of California consumers, and maintained business relationships with numerous California vendors. *Id.* at 1078. The few district courts to have considered blogs specifically have found them insufficient to establish general personal jurisdiction. *See Miller v. Kelly*, 2010 WL 4684029, *5 (D. Colo. November 12, 2010) ("Accordingly, the Court finds that Defendant's authorship of a LiveJournal blog is

materials without holding evidentiary hearing, plaintiff need only make prima facie showing).

## ANALYSIS

First, Mr. Papillon argues that his blog is insufficient to support a finding of general personal jurisdiction in Idaho. Secondly, Mr. Papillon argues that he satisfies neither of the first two prongs of the specific personal jurisdiction test because he has never directed activities at this forum, and there are thus no forum-related activities form which this matter may arise.

A.  General Personal Jurisdiction

Mr. Papillon's blog is insufficient to meet the exacting standard of general personal jurisdiction. Mr. Papillon has never had any substantial, continuous, or systematic contacts with Idaho. He has never advertised, sold any tangible products to any state, or maintained any relationships with retail vendors. Compare these minimal contacts with those found sufficient by the Ninth Circuit in *Gator.com Corp. v. L.L. Bean, Inc.,* 341 F.3d 1072 (9th Cir. 2003). In that case, L.L. Bean, a Maine corporation, targeted advertising at California, maintained a highly interactive, commercially lucrative website serving large numbers of California consumers, and maintained business relationships with numerous California vendors. *Id.* at 1078. The few district courts to have considered blogs specifically have found them insufficient to establish general personal jurisdiction. *See Miller v. Kelly*, 2010 WL 4684029, *5 (D. Colo. November 12, 2010) ("Accordingly, the Court finds that Defendant's authorship of a LiveJournal blog is

an insufficient basis for the exercise of general personal jurisdiction over her."); *Hudson v. University of Puerto Rico*, 2010 WL 1131462, *3 (D. Minn. March 23, 2010) ("[T]he . . . blog in and of itself is insufficient to establish general jurisdiction over the University.").

Mr. Shymatta's argument that Mr. Papillon maintains a commercially interactive website available to Idaho users that falls at the extreme end of the *Zippo* sliding scale is unavailing. Mr. Papillon does not manufacture, design, stock, sell, or ship any cell phone related product; when he reviews a cell phone or related product, he provides a link to a retailer that sells the product for the ease of the reader. No profit is received by Mr. Papillon for these links. *See Con-Way, Inc. v. CONWAYRACING.COM*, 2009 WL 2252128, *2 (N.D. Cal. July 28, 2009) ("A passive website that merely provides links to other sites, but does not itself sell products within a forum, is insufficient to confer jurisdiction."); *Simplicity, Inc. v. MTS Prods.*, 2006 U.S. Dist. LEXIS 17626, *23-25 (E.D. Pa. Apr. 14, 2006) ("[The] website falls short of a commercially interactive site for which personal jurisdiction is proper because it does not allow customers to purchase products online – it merely provides the names and website links to retailers, etailers and specialty stores which sell its products.").

The fact that Mr. Papillon sells a small number of premium podcast subscriptions advertised on his website does not render it commercially active. To subscribe, an interested party must e-mail Mr. Papillon separately; the transaction is not conducted on the website. *See, e.g., Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295, 297

(S.D.N.Y. 1996) (no personal jurisdiction where passive website directed interested parties to contact website operator independently). The podcasts are also available for free listening on the website. At most, Mr. Papillon's website falls into the middle ground of the *Zippo* sliding scale because there is some minimal user interactivity. Visitors to the website may post their own personal comments at the end of Mr. Papillon's blog posts. Such minimal interactivity, coupled with the lack of commercial activity, is insufficient to convey general personal jurisdiction subjecting Mr. Papillon to being "haled into court in the forum state to answer for any of its activities anywhere in the world." *Brand,* 796 F.2d at 1073.

B.  <u>Specific Personal Jursidiction</u>

Because Mr. Papillon's non-commercial blog is insufficient to establish general personal jurisidiction over him in Idaho, Mr. Shymatta must establish specific personal jurisdiction. Mr. Shymatta cannot do so, because he has failed to establish the first two requirements of the *Schwarzenegger* test.

    1.  First Requirement - Purposeful Availment

"The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger,* 374 F.3d at 802. This requirement is referred to as purposeful availment, and requires a showing that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3)

causing harm that the defendant knows is likely to be suffered in the forum state." *Menken v. Emm,* 503 F.3d 1050, 1058 (9th Cir. 2007) (internal quotation omitted).

The complaint lacks any allegations that Mr. Papillon committed an intentional act expressly aimed at Idaho. Specific personal jurisdiction is sought on the grounds that Mr. Papillon's website is accessible in Idaho. These allegations do not constitute an intentional act aimed at Idaho. *Compare Panavision Int'l., L.P. v. Toeppen*, 121 F.3d 1316, 1322 (9th Cir. 1998) (cybersquatter who registered internet domain name and sent letters to California address demanding remuneration on exchange for use of domain name committed intentional act targeted at the forum), *with Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (operation of passive website insufficient absent "something more"; in this case targeted advertising with the forum state).

2. Second Requirement - Claims Arising out of Intentional Acts

The second requirement of the *Schwarzenegger* test is necessarily not met because Mr. Papillon has not engaged in any intentional acts expressly directed at Idaho. Mr. Shymatta claims that Mr. Papillon sued him in Idaho, but the record does not support this allegation. Mr. Papillon did file a trademark cancellation action against Mr. Shymatta's trademark with the United States Patent & Trademark Office in Washington, D.C., but this filing is not analogous to bringing a tort claim in Idaho against an Idaho resident.

## CONCLUSIONS

Mr. Papillon's non-commercial, minimally interactive blog is insufficient to subject him to general personal jurisdiction in any forum. Because Mr. Papillon has

engaged in no intentional acts expressly directed at Idaho, specific personal jurisdiction is also lacking in this matter.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 9) is **GRANTED**.

DATED: **April 21, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge